WESTINGHOUSE AIR BRAKE CO. v. NEW YORK AIR BRAKE CO.

(Circuit Court, N. D. New York.   July 22, 1905.)

No. 6,971.

1. PATENTS—DISCLAIMER—CONSTRUCTION AND EFFECT.

A disclaimer filed under Rev. St. § 4917 [U. S. Comp. St. 1901, p. 3393], cannot validate a claim of a patent except as to something of which the patentee was the inventor, and which was "a material and substantial part of the thing patented." A claim too broad in its terms cannot be rendered valid by a disclaimer of all except a particular form of construction which may or may not have been embraced in the broad language of the claim, but which, if so, was not in any way specified or suggested therein as distinguished from other forms of construction.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 224, 227½.]

2. SAME—ENGINEER'S VALVE FOR CONTROLLING AIR BRAKES.

The Westinghouse and Moore patent, No. 401,916, for an improved engineer's brake valve, claim 7, is void, as too broad in its terms, and was not rendered valid by the disclaimer filed June 13, 1902. Also *held* not infringed, conceding its validity.

Suit in equity for injunction to restrain alleged infringement of claim 7 of United States letters patent No. 401,916, as limited by a disclaimer filed about June 13, 1902, dated April 23, 1889, for new and useful improvements in engineers' brake valves.

Frederick H. Betts and J. Snowden Bell, for complainant.
Charles Neave and Edmund Wetmore, for defendant.

RAY, District Judge.  Heretofore this patent, No. 401,916, dated April 23, 1899, issued to George Westinghouse, Jr., and Frank Moore, for new and useful improvement in engineers' brake valves, and now owned by complainant, has been the subject of litigation between these same parties.  Westinghouse Air Brake Co. v. New York Air Brake Co.  (C. C.) 112 Fed. 424, reversed 119 Fed. 874, 56 C. C. A. 404.  In that suit claims 3, 4, 6, 7, 8, and 9 were at first involved.  At the circuit Judge Coxe said:

"The eighth claim is the same as the fourth with an additional element added, namely, 'a direct exhaust-passage leading from the valve-seat to the atmosphere.'  This exhaust-passage is found in the defendant's structure.  It is thought that the claims are valid and infringed.  The other claims, speaking generally, are repetitions of the fourth and eighth.  In some instances unimportant features are omitted and in others new features are included, but they all contain the essential elements of the invention, except the seventh, which omits all reference to the equalizing-piston and supply-port, which are features of fundamental importance.  All of the claims, technically are infringed, but claim 7 is of doubtful validity, and claims 3, 6 and 9 do not seem necessary in addition to claims 4 and 8.  These latter claims secure to the complainant every right to which it is entitled and the court, as now advised, can see little reason for including others."

Claim 7, now in suit, was withdrawn, as were, it seems, 3, 6, and 9, by consent of the court, before or at the time the decree was signed.  The Circuit Court of Appeals held not only that claims 4 and 8 had not been infringed by defendant's device, but that

the patent in suit is in no sense a pioneer patent, and that in view of the prior art it must be limited to the precise construction shown, or its equivalent. This suit is upon claim 7 of said patent, declared by Judge Coxe to be of "doubtful validity." As limited, or attempted to be limited, by the disclaimer, the validity and effectiveness of which is challenged by the defendant, the complainant insists that the claim is valid, and discloses patentable invention in view of the prior art. Claim 7 reads:

"(7) In an engineer's brake-valve, the combination of a valve casing or chamber, a main air-reservoir connection, and a brake-pipe connection leading thereinto, a direct supply-port formed in a valve-seat in the chamber and adapted to establish direct communication between said connections, a direct exhaust-passage leading from the valve-seat to the atmosphere, and a regulating-valve working on the valve-seat and controlling the direct supply-passage and having a recess or cavity adapted to establish communication between the brake-pipe connection and the direct exhaust-passage, substantially as set forth."

The disclaimer, so far as material, reads:

"(3) That in a certain suit pending and recently decided in the Circuit Court of the United States for the Northern District of New York, between your petitioner and the New York Air Brake Company, doubts have been expressed whether or not the 7th claim of said patent No. 401,916 is not too broad, and whether, therefore, the said letters patent does not, as to its 7th claim, include matter which the said patentees and their assignee, your petitioners, are not entitled to hold and claim by virtue of said letters patent.

"(4) That in so far as said 7th claim is, or should be, construed to be too broad, and to include more than that of which the said Westinghouse and Moore were the first and original inventors or discoverers, the error has arisen through inadvertence, accident, and mistake, and without any fraudulent or deceptive intention on the part of the said patentees or your petitioners.

"(5) That the subject-matter not disclaimed herein and hereby is definitely distinguishable from the part or parts claimed without right as aforesaid.

"Your petitioner, therefore, for the purpose complying with the requirements of law, and disclaiming so much or those parts of the 7th claim which your petitioner does not choose to claim or hold by virtue of said letters patent, does hereby enter its disclaimer to so much or such part of claim 7 of said letters patent as includes or may be construed to include

"An engineer's brake-valve (otherwise complying with the said claim) which is not provided with a movable abutment, working in a chamber in the valve casing and controlling a discharge valve from the brake-pipe to atmosphere, substantially as described in the specification."

It will be noted that the complainant enters its disclaimer to so much and such part of claim 7 as includes (if it does) "an engineer's brake-valve which is not provided with a movable abutment, working in a chamber in the valve casing and controlling a discharge valve from the brake-pipe to atmosphere, substantially as described in the specification"; that is, the claim as now made, takes in and includes every engineer's brake valve which is provided with a movable abutment working in a chamber in the valve casing, and also controlling a discharge valve from the brake pipe to atmosphere, as is described in the specifications, viz.:

"A movable abutment, 19, which is preferably a piston, as shown, but which may, if preferred, be a flexible diaphragm, is fitted to work freely in a chamber, 22, which communicates with the pipe, 18, so that the piston, 19, may be

subject on its lower side to the pressure in the brake-pipe. The piston, 19, is secured upon a stem, 20, the lower end of which carries a discharge-valve, 21, which is adapted to close upon a seat at the inner end of a discharge-pipe, 23, leading from the pipe, 18, to the atmosphere. The packing-ring, 4, which is interposed between the sections of the valve-chamber, extends into the piston-chamber, 22, so as to provide a bearing-surface for the piston at the upper extremity of its traverse, and thereby act, in addition to the packing of the piston, to prevent leakage past the same. The piston-chamber, 22, communicates above the piston, 19, with a chamber, 24, in the upper valve-casing section, 1, the chamber, 24, being connected by a pipe, 25, with a small supplemental chamber, 26, in order to provide an increased capacity for the storage of air under pressure."

Elements of claim 7 will therefore be: (1) An engineer's brake valve, provided with (2) a movable abutment, (3) such movable abutment working in a chamber located in the valve casing and controlling a discharge valve from the brake pipe to atmosphere. Note that in claim 7 the valve casing and chamber seem to be the same thing. Movable abutments were old, as were engineer's brake valves. The claim so limited, so far as the abutment, etc., is concerned, relates to alleged new elements in a combination, viz.: (a) The place where the abutment works (inside a chamber), and (b) the location of the chamber (within the valve casing), and (c) the function of such abutment, which is to control a particular discharge valve, viz., that from brake pipe to atmosphere. Or, first, location of abutment; second, location of chamber containing abutment (the location of the chamber of course controls the location of the abutment); and, third, the function of the abutment so located in controlling the discharge valve. Claim 7, as it reads, has these elements in combination, viz.: (a) An engineer's brake valve. (b) Valve casing or chamber. (c) Main air-reservoir connection. (d) Brake-pipe connection leading thereinto. (e) A direct supply port formed in a valve seat in the chamber, and adapted to establish direct communication between said connection. (Main air reservoir connection and brake-pipe connection leading thereinto.) (f) A direct exhaust passage leading from the valve seat to the atmosphere. (g) A regulating valve working on the valve seat and controlling the direct supply passage, and having a recess or cavity adapted to establish communication between the brake-pipe connection and the direct exhaust passage.

It seems to me that in the claim as attempted to be limited by the disclaimer we have something substantially different from and additional to what was first claimed. In fact, the disclaimer operates not as a limitation and a striking out or exclusion of something included by the terms of the claim that ought not to have been included because not invented by the patentee, but to substitute a new claim; a claim for something neither mentioned nor referred to in the claim itself as written in the letters patent. Where, among the elements of claim 7 as given above, a° to g, inclusive, do we find any reference to or description of a "movable abutment," or of a "movable abutment working in a chamber in the valve casing and controlling a discharge valve from the brake pipe to atmosphere, substantially as described in the specification"?

Yet, to make a valid claim, concededly this must be read in the claim. Having claimed too much, too broadly, and not having claimed that which it is now desired to claim, or which it was desired to claim when the disclaimer was filed, the complainant says, in substance, I disclaim all of claim 7 except, etc., and then writes in the disclaimer the claim he desires to make, which is for a structure or mechanism that may (possibly) and may not have been embraced within the broad language of the claim as written, but which, if so included, was in no way specified or suggested therein or thereby as distinguished from other forms of construction, and says, "I disclaim everything except this kind of an engineer's brake valve;" that is, one having this particular element or these particular elements (describing them); elements not before in the combination of the claim. I do not understand that this claim can be amended and changed and enlarged in this way under the guise of disclaimer.

By section 4917 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3393] it is, in substance, provided that when a patentee by mistake, etc., claims more than he is entitled to, and it was included in his claims without fraud or fraudulent intention, his patent shall be held good and valid for what he really invented and is entitled to, provided the same is a material and substantial part of the thing patented. I fail to discover that "a movable abutment working in a chamber in the valve casing and controlling a discharge valve from the brake pipe to atmosphere" is a material or substantial part of the thing patented by claim 7. And I understand that statute to mean that, to be a material and substantial part of the thing patented, that which the patentee really invented must be mentioned in the particular claim to which the disclaimer relates. To make it so we must assume (1) that such an abutment so located and so working, and so controlling such a discharge valve, is a part of every engineer's brake valve, and that to have a brake valve at all we must have such an abutment so located and so working and performing the function specified, and that it was a material and substantial element of the combination described in claim 7. He may disclaim such part of the thing patented as he chooses not to claim. In this case complainant has disclaimed what? Something he describes as being a part of the thing patented? No. Something that is mentioned or described in the thing patented? No. But generally all engineer's brake valves which are not provided with a certain thing (abutment) located at and working in a certain place and controlling a certain valve, whether they are or are not included in and covered by the patent so as to form a substantial part of the thing patented. The truth is the complainant neither mentions nor describes what it disclaims or desires to disclaim, for the reason that it cannot. By the peculiar wording of the disclaimer complainant describes what it desires to insert in the claim, not what it wishes to exclude or disclaim, and in so doing describes something not before included in the claim, but by fair and necessary implication excluded therefrom for reasons that will be stated.

Section 4922 of the Revised Statutes is as follows:

"Sec. 4922. Whenever, through inadvertence, accident, or mistake, and without any willful default or intent to defraud or mislead the public, a patentee has, in his specification, claimed to be the original and first inventor or discoverer of any material or substantial part of the thing patented, of which he was not the original and first inventor or discoverer, every such patentee, his executors, administrators, and assigns, whether of the whole or any sectional interest in the patent, may maintain a suit at law or in equity, for the infringement of any part thereof, which was bona fide his own, if it is a material and substantial part of the thing patented, and definitely distinguishable from the parts claimed without right, notwithstanding the specifications may embrace more than that of which the patentee was the first inventor or discoverer. But in every such case in which a judgment or decree shall be rendered for the plaintiff no costs shall be recovered unless the proper disclaimer has been entered at the Patent Office before the commencement of the suit. But no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer." [U. S. Comp. St. 1901, p. 3396.]

Is the "movable abutment" mentioned a material and substantial part of the thing patented, and is it definitely distinguishable from the parts claimed without right? That is, can we in any way find it described or mentioned in claim 7? I search claim 7 in vain for the description or mention of or reference to an engineer brake valve "provided with a movable abutment, working in a chamber in the valve casing, and controlling a discharge valve from the brake pipe to atmosphere," described in the specification. This position is made more emphatic and pointed by a reference to claims 3, 4, 5, 6, 8, and 9, in all of which we find the element of a movable abutment, etc., fully described. For instance, claim 3: "The combination of a movable abutment fitted to work in a chamber," etc. In claim 4: "The combination of a valve casing, * * * a movable abutment fitted to work," etc. We are not so to read and construe claim 7 (as in the patent unaffected by the disclaimer) as to make it cover and include the same elements as one or more of the other claims. The presumption is against repetition. This we would do should we construe claim 7 as the complainant insists we should do. The same element may be described in different claims of the same patent by the use of different language in each claim, and the element may be given a different name, but in some way and by some language it must be made an element.

Plainly omitted from claim 7 intentionally, this element of "a movable abutment," etc., cannot now be read into it by means of a disclaimer such as this for the purpose of avoiding a finding that the claim is invalid, as it was held to be by Judge Coxe in the case cited. In that holding this court concurs. That opinion of the learned judge is not res adjudicata, or in any sense binding, for the reason that finally claim 7 was permitted to be withdrawn from consideration in that suit; but on careful consideration this court holds that the situation of complainant is not improved by the disclaimer, and that claim 7 sued upon is invalid. A reference to the cases cited in which this patent was considered will disclose the reasons for this finding, and they will not be repeated here.

On the question of the disclaimer many cases might be cited,

but it seems to this court that Albany Steam Trap Company v. Worthington, 79 Fed. 966, 25 C. C. A. 258, controls this case. There, of a disclaimer which read:

"Your petitioner therefore hereby disclaims any apparatus, as included in the claims of said patent, which is not directly connected with the return pipe, H, under the pressure of the return from the heating system without escape to the atmosphere."

—the court said:

"The difficulty with this contention is that it substitutes a different invention from that described and claimed in the patent. It is not a narrower claim, but a different one. It is, as defendants suggest, 'an attempt to incorporate into a claim for a combination a feature which had not been claimed in connection with that combination before, and thereby make a new combination.' We do not understand that the statutory provisions allowing a disclaimer to be filed can be thus availed of to change the invention claimed in a patent, and we are referred to no authorities which sustain complainant's contention. The object of a disclaimer is well expressed in Chemical Works v. Lauer, 5 Fish Pat. Cas. 615, Fed. Cas. No. 12,135: 'It is designed to allow a patentee to recover on one claim of his patent, notwithstanding other claims in it are void for want of novelty. But it requires that the parts claimed without right, and the parts rightfully claimed shall be definitely distinguishable, as matter of fact, on the face of the claims; that is, be definitely distinguished from each other in the claims.'"

In Thompson v. Bushnell, 96 Fed. 238, 37 C. C. A. 456 (Second Circuit), the claims (1 and 2) were for "a saw." The specifications referred distinctly to four different kinds of saws—a circular saw, a back saw, a hack saw, and a band saw. The complainants disclaimed so much of said claims as cover "circular saws" and "back saws," leaving said claims to include only "hack saws" and "band saws." True, the claims did not read "a circular saw, a back saw, a hack saw, and a band saw," but, read with the specifications, they included all these saws. The disclaimer specifically states what it excludes—disclaims—viz., "circular saws" and "back saws," and what it retains and claims, viz., "hack saws" and "band saws." This seems to have been a strict compliance with the statute. In the case now under consideration the disclaimer neither states what it excludes nor what it includes. Generally, and in general language, all of a general description having certain characteristics are included; all others are excluded. Here, in claim 7, we find no reference whatever to engineers' brake valves provided with a movable abutment working in a chamber in the valve casing and controlling a discharge valve from the brake pipe to atmosphere, or to one provided with any kind of an abutment. The claim is for a combination that does not include such or any movable abutment or piston. But, should this court give recognition to the disclaimer, it holds that defendant does not infringe. The Circuit Court of Appeals, in passing on certain claims of this patent, has held that its claims must be strictly, not broadly, construed. Complainant is confined to what is specifically described. Defendant must use every element of complainant's device, operating in substantially the same way, to produce substantially the same result. This it does not do. In view of the thorough discussion of the claims of this patent by Judge Coxe at circuit and

by the Circuit Court of Appeals on review by that court, it seems to this court unnecessary to more than refer thereto on this branch of the case. It seems to this court that the decision of the Circuit Court of Appeals in the case between these same parties, already cited, covers this proposition.

The defendant is entitled to a decree dismissing the complaint, with costs.